**EXHIBIT "1"**

Electronically Filed
3/24/2022 1:11 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
MARCUS A. BERG, ESQ.
Nevada Bar No. 9970
marcus@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
4101 Meadows Lane, Suite 110
Las Vegas, Nevada 89107
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiffs*

CASE NO: A-22-850218-C
Department 16

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

KEVIN VENABLE, individually,

Plaintiff,

v.

ACUITY, A MUTUAL INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS I through X, inclusive,

Defendants.

CASE NO.
DEPT. NO.

**COMPLAINT**

Plaintiff, KEVIN VENABLE, Individually and by and through his attorneys, MARCUS A. BERG, ESQ, and JOHN C. FUNK, ESQ., of the law firm of MOSS BERG INJURY LAWYERS, and for his causes of action against Defendants, and each of them, hereby allege as follows:

1. That at all times relevant to these proceedings, Plaintiff, KEVIN VENABLE (hereinafter referred to as "Plaintiff") was and is a resident of Clark County, Nevada.

2. Plaintiff is informed, believe, and thereon allege that at all times relevant to these proceedings, Defendant, ACUITY, A MUTUAL INSURANCE COMPANY (hereinafter referred

1

to as "Defendant, ACUITY"), was and is a property and casualty insurance company registered with the Department of Business and Industry – Nevada Division of Insurance, and authorized to do and doing business in Clark County, Nevada as ACUITY, A MUTUAL INSURANCE COMPANY.

3.  That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X and ROE CORPORATIONS I through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as DOES and/or ROE CORPORATIONS may be insurance agents, individuals, partnerships, and/or corporations, and are responsible in some manner for the events and happenings referred to, and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend his Complaint to insert the true names and capacities of DOES I through X and ROE CORPORATIONS I through X when the same have been ascertained and to join such Defendants in this action.

4.  That on or about December 19, 2019, Non-party, AGUSTIN JAIME QUIJAS OLVERA (Hereinafter referred to as "Non-party, OLVERA") was operating a 2001 Pontiac Montana Van and traveling northbound at a high rate of speed when Non-party OLVERA did not follow the rules of the road, did not pay full attention to his driving, and did not use due care, causing the front of Non-party, OLVERA's vehicle to violently collide with the rear of Plaintiff's vehicle.

5.  That at that same time and place, Plaintiff while in the course and scope of his employment with Non-Party, PLUMBING SOLUTIONS OF NEVADA (hereinafter referred to as "Non-Party, PLUMBING") was operating a 2018 Ford Transit Cargo Van, owned by Non-Party, PLUMBING, and was stopped for traffic northbound on Valley View Boulevard near the intersection of Fulton Place in Clark County, Nevada.

6. That Non-party OLVERA carried insufficient liability insurance to fully compensate Plaintiff for his injuries. Ultimately, Plaintiff settled with Non-party, OLVERA, and received the full applicable insurance policy limits in the amount of Twenty-Five Thousand Dollars ($25,000.00).

7. That prior to December 19, 2019, in Clark County, Nevada, Non-Party, PLUMBING, entered an insurance contract with Defendant, bearing policy number Z64898, whereby Defendant agreed to provide Non-Party, PLUMBING with an undisclosed amount in underinsured motorist benefits, among other coverages.

8. That in reliance upon Defendant's representations, Non-Party, PLUMBING, purchased said underinsured motorist policy from Defendant and that on or about December 19, 2019, said coverage was in force.

9. That on or about December 19, 2019, Plaintiff was involved in a serious motor vehicle collision as the result of the negligence of Non-party tortfeasor, OLVERA, an underinsured motorist as per the definition of such in said insurance contract.

10. That at the time of the subject collision, the Non-party tortfeasor, OLVERA only carried automobile liability insurance limits of $25,000.00 (per person)/$50,000.00 (per occurrence).

11. That as a direct and proximate result of said collision, Plaintiff suffered serious and permanent injuries.

12. That as a further direct and proximate result of said collision, Plaintiff incurred and continues to incur expenses for medical care and treatment.

# FIRST CLAIM FOR RELIEF
**(Breach of Contract against Acuity, A Mutual Insurance Company)**

13. Plaintiff repeats and re-alleges each and every allegation contained above and incorporates the same as though fully set forth herein.

14. That at the time of the subject collision, Non-Party, PLUMBING, was insured by Defendant according to the above-described contract, and/or other policies issued by DOES I through X, and ROE CORPORATIONS I through X, which provided Non-Party, PLUMBING, with various forms of coverage, including benefits for compensation resulting from injuries and damages caused by underinsured motorists.

15. That on or about November 18, 2021, non-party tortfeasor, OLVERA's motor vehicle liability insurer, State Farm Mutual Automobile Insurance Company, tendered the full amount of the $25,000.00 (per person)/$50,000.00 (per occurrence) policy limit with $25,000.00 paid to Plaintiff.

16. That the amount stated in paragraph 15 above is insufficient to fully compensate Plaintiff for his harms and losses suffered in the subject motor vehicle collision.

17. That by contract, Defendant is obligated to fully compensate Plaintiff for the harms and losses he sustained in the subject motor vehicle collision, up to the limits of coverage as noted in paragraph 7 above.

18. That following the subject collision, and on or about August 6, 2020 and March 11, 2021, Plaintiff timely presented a claim for contractual underinsured motorist policy benefits from Defendant.

19. That on or about September 7, 2021, Defendant tendered the amount of $45,415.87 paid to Plaintiff.

20. That the amount stated in paragraph 19 above is insufficient to fully compensate Plaintiff for his harms and losses suffered in the subject motor vehicle collision.

21. That Defendant has failed to fairly, properly, and/or timely evaluate Plaintiff's claim and have refused to compensate Plaintiff for the full extent of his entitled contractual benefits.

22. That as a result of its conduct, Defendant is in breach of the insurance contract between the parties and said breach has resulted in damages incurred by Plaintiff in an amount to be determined at trial.

23. This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy is believed to be in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees, interest, and costs.

24. That Plaintiff has had to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs of suit incurred herein.

**PRAYER**

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, pray for judgment against Defendants, and each of them, as follows:

1. For contractual damages up to the amount of the underinsured motorist policy limits applicable to Plaintiff of up to the undisclosed policy limits;

2. For general damages in an amount up to the undisclosed underinsured motorist policy limits;

3. For medical and incidental expenses incurred and to be incurred resulting from the subject collision caused by the underinsured driver up to the undisclosed underinsured motorist policy limits;

5

4. For a sum to be determined by the trier of fact for loss of enjoyment of life pursuant to Banks v. Sunrise Hosp., 120 Nev. 822, 836 (2004);

5. For reasonable attorney's fees and costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

DATED this  24th  day of March, 2022.

                MOSS BERG INJURY LAWYERS

By: _____
       MARCUS A. BERG, ESQ.
       Nevada Bar No. 9970
       marcus@mossberglv.com
       JOHN C. FUNK, ESQ.
       Nevada Bar No. 9255
       john@mossberglv.com
       MOSS BERG INJURY LAWYERS
       4101 Meadows Lane, Suite 110
       Las Vegas, Nevada 89107a
       Telephone: (702) 222-4555
       Facsimile: (702) 222-4556
       Attorneys for Plaintiffs